IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT E. SANFORD, | ) | |
| | ) | 8:08CV261 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOUGLAS COUNTY | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Appoint Counsel (filing no. 28), Motion for Leave to Proceed In Forma Pauperis (filing no. 29), Motions for Copies (filing nos. 32 and 33), and Motion for Summary Judgment (filing no. 31). As set forth below, all of the pending Motions are denied.

**<u>Pending Motions</u>**

On July 8, 2008, Plaintiff was granted leave to proceed in forma pauperis. (Filing No. 7.) Thus, his current Motion for Leave to Proceed In Forma Pauperis is denied as moot. In addition, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Thus, Plaintiff's request for the appointment of counsel is also denied.

Also pending are two Motions for Copies. (Filing Nos. 32 and 33.) In these Motions, Plaintiff requests that the court provide him copies of every document filed in this matter because he is indigent and proceeding in forma pauperis. The statutory

right to proceed in forma pauperis does not include the right to receive copies of documents without payment. 28 U.S.C. § 1915; *see also* Haymes v. Smith, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing Tyler v. Lark, 472 F.2d 1077 (8th Cir. 1973), other citations omitted). If Plaintiff requires copies of court documents, he should contact the Clerk of the court to determine the proper method of requesting and paying for copies. Plaintiff's Motions for Copies are therefore denied.

**Status of Case**

The court has carefully reviewed the entire Docket Sheet in this matter. This matter was filed on June 25, 2008 by Plaintiff, who was proceeding pro se on the date of filing. (Filing No. 1.) After conducting an initial review, the court ordered Plaintiff to amend his Complaint. (Filing No. 9.) Plaintiff thereafter retained counsel, who filed an Amended Complaint on October 29, 2008. (Filing No. 18.) The Amended Complaint named two municipal entities, Douglas County and Douglas County Corrections, and 24 individuals as Defendants. (*Id.*) However, Plaintiff's counsel requested the issuance of only one summons, addressed to "Douglas County Correctional Facilities." (Filing No. 19.) It does not appear that any other summonses have been issued or that the only issued summons was executed. (*See* Docket Sheet.)

On May 5, 2009, Plaintiff's counsel was given leave to withdraw and the court notified Plaintiff that he was once again proceeding pro se. (Filing No. 26.) Since that time, Plaintiff has filed numerous motions, which are addressed above by the court, but has not attempted to serve Defendants. To summarize, this matter has been pending nearly a year and Plaintiff has not requested summons for any Defendant and, by extension, has not yet served any Defendant.

In light of this, and on the court's own Motion, Plaintiff is given until **September 10, 2009** in which to complete service of process on Defendants. If service is not completed by that date, this matter will be dismissed against any unserved Defendant. Because no Defendant has been served, Plaintiff's Motion for Summary Judgment (filing no. 31) is denied without prejudice to reassertion after service of summons and in accordance with a progression order.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (filing no. 29) is denied as moot.

2. Plaintiff's Motion to Appoint Counsel (filing no. 28) and Motions for Copies (filing nos. 32 and 33) are denied.

3. Plaintiff's Motion for Summary Judgment (filing no. 31) is denied without prejudice to reassertion after the completion of service and in accordance with a progression order.

4. To obtain service of process on the remaining Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send TWENTY-SEVEN (27) summons forms and TWENTY-SEVEN (27) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

5. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summonses and

Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so.

6. Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, on the court's own motion, Plaintiff is granted an extension of time until **September 10, 2009** to complete service of process.

7. Plaintiff is hereby notified that failure to obtain service of process on a defendant by **September 10, 2009,** will result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

8. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "September 10, 2009: Check for completion of service of summons."

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

July 1, 2009.  BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge