IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT E. SANFORD, | ) | 8:08CV261 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOUGLAS COUNTY | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on six Motions filed by the parties. Plaintiff has filed a Motion for Leave to file an amended complaint (filing no. 50) and two Motions to Compel (filing nos. 48 and 52). Defendants Sherman, Davis, Dutcher and Newton have filed a Motion to Strike Summons Returned Executed (filing no. 58), a Motion to Dismiss (filing no. 59) and a Motion for an Extension of Time to file an Answer (filing no. 60). As set forth below, Plaintiff's Motions are denied and Defendants' Motions are granted.

### *I. DEFENDANTS' MOTION TO STRIKE AND MOTION TO DISMISS*

Plaintiff Robert E. Sanford filed his original Complaint in this matter on June 25, 2008. (Filing No. 1.) Since that time Plaintiff has filed two Amended Complaints. (Filing Nos. 12 and 18.) On July 1, 2009, the court granted Plaintiff until September 10, 2009 to complete service of process on the 27 named Defendants in this matter. (Filing No. 34.)

By September 10, 2009, Plaintiff had executed service upon only four of the named Defendants: Unknown Sherman, Unknown Davis, Unknown Dutcher and Unknown Newton (collectively the "Served Defendants"). (Filing Nos. 38, 39, 40 and 41.) Plaintiff explains his decision to serve only four of the named Defendants

in a letter. (Filing No. 35.) He specifically states: "I have chose[n] to summons only 4 . . . I understand the consequences of not completing the USM-285 forms and sending them back to the court[]." (*Id*. at CM/ECF p. 1.)

On October 1, 2009, three additional summons were returned executed upon Defendants Unknown Zac, Unknown Stephens and Unknown Smith. (Filing Nos. 55, 56, 57.) In response, the Served Defendants filed a Motion to Strike the three additional executed summonses. (Filing No. 58.) They also filed a Motion to Dismiss Plaintiff's claims against Douglas County Corrections, John Hubbard, Unknown Selby, Unknown Roccaforte, Unknown Wilson, Unknown Fricke, Unknown Stebbins, Unknown Sanchez, Unknown Chiak, Unknown Davis, Unknown Zac, Unknown Smith, Unknown Dirks, Unknown Kozelle, Unknown Stephens, Unknown Ivory, Unknown Hagen, Jr., Unknown Aries, Unknown Hiester, Unknown Ware, Unknown Nelson and Douglas County (collectively the "Unserved Defendants"). (Filing No. 59.) For the reasons discussed below these Motions are granted.

Plaintiff had until September 10, 2009, to serve the named Defendants in this matter. (Filing No. 34.) However, Plaintiff intentionally chose to serve only four of the Defendants by the service deadline. (Filing Nos. 35, 38, 39, 40 and 41.) In its July 1, 2009 Order, the court warned Plaintiff that failing to obtain service of process on a defendant by September 10, 2009, would result in the dismissal of this matter without further notice as to such defendant. (Filing No. 34 at CM/ECF p. 4.) Because Plaintiff failed to execute summons upon any of the Unserved Defendants by this deadline, the Unserved Defendants are entitled to dismissal. Accordingly, the Summonses Returned Executed upon Defendants Unknown Zac, Unknown Stephens and Unknown Smith shall be stricken (Filing Nos. 55, 56, 57), and Plaintiff's claims against the Unserved Defendants are dismissed.

## II. *PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT*

On September 28, 2009, Plaintiff filed a Motion for Leave to file a third amended complaint. (Filing No. 50.) Plaintiff's proposed third amended complaint repeats the allegations from his second Amended Complaint but eliminates his allegations against the Unserved Defendants. (*Id*. at CM/ECF pp. 1, 2; *cf.* Filing No. 18 at CM/ECF pp. 1, 2.) In other words, Plaintiff unnecessarily modified his second Amended Complaint to allege claims against only those Defendants he successfully served.

Federal Rule of Civil Procedure 15(a) provides that the court "should freely give leave [to amend] when justice so requires." However, the Eighth Circuit has held that it is not an abuse of discretion to deny a motion to amend when late tendered amendments involve new theories of recovery or impose additional discovery requirements. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 448 (8th Cir. 1995); *see also Barrett v. Independent Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980) (affirming denial of leave to amend, although bad faith and dilatory motive were not found, where "amendment sought to add several . . . additional counts" and "[e]ven though the motion was not filed until nearly ten months after the original complaint, there would appear to be no matters . . . which could not have been raised initially").

This matter has been pending for over a year and Plaintiff has already been allowed to amend his Complaint twice. (Filing Nos. 12 and 18.) Further, the only difference between Plaintiff's second Amended Complaint and his proposed third Amended Complaint is the absence of the defendants that he failed to serve. (Filing No. 50 at CM/ECF pp. 1, 2; *c.f.* Filing No. 18 at CM/ECF pp. 1, 2.) Filing a third amended complaint to reflect this service failure is unnecessary. In short, there does not appear to be any matter "which could not have been raised initially" and there is

no good cause for allowing another amendment at this time. Plaintiff's Motion to Leave to file a third amended complaint is denied.

### *III. PLAINTIFF'S MOTION TO COMPEL*

Also pending before the court are Plaintiff's Motions to Compel. (Filing Nos. 48 and 52.) In these Motions Plaintiff asks the court to compel Defendants and his former attorney to produce numerous documents. (Filing Nos. 48 and 52.) However, Plaintiff failed to comply with NECivR 7.0.1(i). NECivR 7.0.1(i) provides that:

> To curtail undue delay in the administration of justice, this court only considers a discovery motion in which counsel for the moving party, in the written motion, shows that after personal consultation with counsel for opposing parties and sincere attempts to resolve differences, counsel cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons. As used in this rule, "counsel" includes pro se parties.
>
> (1) "Personal Consultation" Defined. "Personal consultation" means person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or e-mails among counsel is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party.
>
> (2) Form. A discovery motion must include in the motion or an attachment a verbatim recitation of each interrogatory, request, answer, response, or objection that is a subject of the motion.

NECivR 7.0.1(i). Plaintiff's Motions to Compel do not show that he complied with any of the NECivR 7.0.1(i) requirements. Accordingly, Plaintiff's Motions to Compel are denied.

### IV. DEFENDANTS' MOTION FOR AN EXTENSION OF TIME

On October 10, 2009, the Served Defendants filed a Motion for and Extension of Time to file an Answer. (Filing No. 60.) Because Plaintiff filed a Motion for Leave to file a third amended complaint, it was unclear to the Defendants' attorneys which complaint was the operative pleading in this matter. (*Id*. at CM/ECF p. 3.) The Served Defendants have asked the court to enlarge the time to file an answer until October 19, 2009. (*Id*. at CM/ECF p. 4.) For good cause shown, the Motion for an Extension of Time is granted and the Served Defendants shall file an Answer to Plaintiff's Amended Complaint in accordance with Federal Rule of Civil Procedure 12(a)(4).

IT IS THEREFORE ORDERED that:

1. The Served Defendants' Motion to Strike (filing no. 58) is granted.

2. The Clerk of the court is directed to strike the Summonses Returned Executed upon Defendants Unknown Zac, Unknown Stephens and Unknown Smith (Filing Nos. 55, 56, 57), from the record.

3. Plaintiff's Motion for Leave to Amend (filing no. 50), and Plaintiff's Motions to Compel (filing nos. 48 and 52) are denied.

4. The Served Defendants' Motion to Dismiss (filing no. 59) is granted. Plaintiff's claims against Douglas County Corrections, John Hubbard, Unknown Selby, Unknown Roccaforte, Unknown Wilson, Unknown Fricke, Unknown

Stebbins, Unknown Sanchez, Unknown Chiak, Unknown Davis, Unknown Zac, Unknown Smith, Unknown Dirks, Unknown Kozelle, Unknown Stephens, Unknown Ivory, Unknown Hagen, Jr., Unknown Aries, Unknown Hiester, Unknown Ware, Unknown Nelson and Douglas County are dismissed without prejudice.

    4.    The Served Defendants' Motion for an Extension of Time (filing no. 60) is granted. The Served Defendants shall file an Answer to Plaintiff's Amended Complaint in accordance with Fed.R.Civ.Pro 12(a)(4).

    5.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

October 19, 2009.                BY THE COURT:

                                          s/ Joseph F. Bataillon
                                          Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.