IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT E. SANFORD, | ) | 8:08CV261 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNKNOWN NEWTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. The court has carefully reviewed the records submitted by the parties and determines that additional briefing **supported by properly authenticated evidence** is required before the court can rule on the pending motions for summary judgment. Specifically, the parties are ordered to address the following issues:

1. On July 16, 2007, the following inmates were listed as Plaintiff's "keep separates": Jimmy Levering, Jermaine Lucas, Ganny Parker, Anthony Sherrod, Dennis Black, Marcus Hudson, and Bobby McCarther. (*See* Filing No. 138-37, Attach. 37, at CM/ECF pp. 4-5.)

   a. What incident(s) gave rise to these individuals being listed as Plaintiff's "keep separates"?

   b. Was Plaintiff housed in the same unit as any of these individuals between July 16, 2007, and June 25, 2008 (the date Plaintiff filed this action)?[1]

   c. If so, on what date(s) and in what unit(s) were they housed together?

---

[1] Insofar as Defendants argue in their Motion for Summary Judgment that some of these individuals were no longer active "keep separates" following Plaintiff's release from custody on July 20, 2007 (*see* filing no. 137 at CM/ECF p. 16), the court notes that the evidence reflects that on January 31, 2008, DCDC classification staff provided Plaintiff with a list of his "keep separates," and *all* of these individuals were on the list provided to Plaintiff on January 31, 2008. (*See* Filing No. 138-38, Attach. 38, at CM/ECF p. 11.)

2. On November 28, 2007, Christopher Harker was listed as Plaintiff's "keep separate." (*See Id.* at CM/ECF p. 3.)

   a. What incident(s) gave rise to this individual being listed as Plaintiff's "keep separate"?

   b. Was Plaintiff housed in the same unit as this individual between November 28, 2007, and June 25, 2008 (the date Plaintiff filed this action)?

   c. If so, on what date(s) and in what unit(s) were they housed together?

3. On December 18, 2007, Jesse Fields was listed as Plaintiff's "keep separate." (*See Id.*)

   a. What incident(s) gave rise to this individual being listed as Plaintiff's "keep separate"?

   b. Was Plaintiff housed in the same unit as this individual between December 18, 2007, and June 25, 2008 (the date Plaintiff filed this action)?

   c. If so, on what date(s) and in what unit(s) were they housed together?

4. On January 1, 2008, Salaman Castanada, Christopher Aerts, and Kenneth Slattery were listed as Plaintiff's "keep separates." (*See Id.* at CM/ECF pp. 2-3.)

   a. What incident(s) gave rise to these individuals being listed as Plaintiff's "keep separates"?

   b. Was Plaintiff housed in the same unit as these individuals between January 1, 2008, and June 25, 2008 (the date Plaintiff filed this action)?

   c. If so, on what date(s) and in what unit(s) were they housed together?

IT IS THEREFORE ORDERED that:

1.  Defendants shall have 20 days to provide additional briefing in accordance with this Memorandum and Order. **No extensions of time will be given**.

2.  No later than 10 days after the filing of Defendants' brief, Plaintiff shall file and serve a reply brief.

3.  The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: September 5, 2011: Deadline for the parties to submit additional briefing.

DATED this 5th day of August, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.